UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

November 8, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Joyce H. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-3152-CDA

Dear Counsel:

On December 6, 2022, Plaintiff Joyce H. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 12, 16, 17). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the Commissioner's decision. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on September 21, 2020, alleging a disability onset of April 1, 2010. Tr. 247–65. Plaintiff's claims were denied initially and on reconsideration. Tr. 125–32, 140–46. On April 21, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 33–58. Following the hearing, on May 4, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 13–32. The Appeals Council denied Plaintiff's request for review, Tr. 1–7, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

II.  **THE ALJ'S DECISION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this

---

[1] 42 U.S.C. §§ 301 et seq.

process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since April 1, 2010, the alleged onset date." Tr. 18. At step two, the ALJ found that Plaintiff suffered from severe post-traumatic stress disorder ("PTSD"), major depressive disorder ("MDD"), and panic disorder with agoraphobia. Tr. 19. The ALJ also determined that Plaintiff suffered from non-severe gastroesophageal reflux disease ("GERD"), congenital hypothyroidism, vitamin D deficiency, abnormal left screening mammogram with excisional biopsy, arthralgias, fatigue, obesity, and substance abuse. *Id*. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id*. Despite these impairments, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: can perform simple routine tasks; occasional independent decision making; occasional workplace changes; no interaction with the general public; occasional interaction with co-workers; and no exposure to hazardous conditions, including unprotected heights and moving machinery[.]

Tr. 21. The ALJ determined that Plaintiff had no past relevant work but could perform three jobs that existed in significant numbers in the national economy, including kitchen helper (DOT[2] #318.687-010), commercial cleaner (DOT #381.687-014), and hand packager (DOT #920.587-018). Tr. 27. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 28.

### III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached by applying the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the

---

[2] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Joyce H. v. Kijakazi*
Civil No. 22-3152-CDA
November 8, 2023
Page 3

"substantial evidence" inquiry, the Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.   ANALYSIS

Plaintiff raises two arguments on appeal. First, she contends that the ALJ erred at step three by providing an inadequate analysis of whether her impairments met or equaled certain listed disorders in the Listing of Impairments (the "Listings") set forth at 20 C.F.R. Part 404, Subpart P, Appendix 1. ECF 12, at 6–13. Specifically, Plaintiff avers that the ALJ erred in evaluating whether Plaintiff satisfied certain criteria relevant to Listings 12.04, 12.06, and 12.15. *See id.* Second, Plaintiff contends that the ALJ erred at step five by failing to resolve certain alleged conflicts between the vocational expert's testimony and the DOT. *Id.* at 13–17. Defendant counters that: (1) substantial evidence provided at steps three and four supported the ALJ's determination that Plaintiff's impairments did not meet or equal a Listing and (2) the ALJ properly relied on the vocational expert's testimony to conclude that the jobs identified at step five were consistent with the DOT. ECF 16, at 6–13.

For the reasons that follow, the Court determines that: (1) the ALJ supported their step-three determination with substantial evidence and (2) the ALJ committed no harmful error at step five. Accordingly, the Court will affirm the SSA's decision.

### A.   Substantial Evidence Supported the ALJ's Step-Three Determination.

The Court begins by considering Plaintiff's argument that the ALJ erred by failing to adequately explain why Plaintiff's impairments did not meet or equal Listings 12.04, 12.06, and 12.15. ECF 12, at 6–13. The SSA's Listings describe, "for each of the major body systems[,] [the] impairments that [the SSA] consider[s] to be severe enough to prevent an individual from doing any gainful activity[.]" *Figgs v. Saul*, No. JMC-20-334, 2021 WL 3930708, at *5 (D. Md. Sept. 2, 2021) (quoting 20 C.F.R. § 404.1525(a)). At step three, an ALJ determines whether a claimant's impairments are severe enough to meet or medically equal a particular Listing. *See* 20 C.F.R. §§ 404.1525, 416.925. In evaluating a claimant's impairments at step three, "an ALJ must fully analyze whether [an] impairment meets or equals a 'Listing' where there is factual support that a listing could be met." *Huntington v. Apfel*, 101 F. Supp. 2d 384, 390 (D. Md. 2000) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)). The claimant has the burden of showing that they meet all the enumerated criteria of a given Listing at step three. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Relevant to this case, Listings 12.04, 12.06, and 12.15 pertain to "Depressive, bipolar and related disorders," "Anxiety and obsessive-compulsive disorders," and "Trauma- and stressor-related disorders," respectively. 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 12.04, 12.06, 12.15. The criteria relevant to meeting or equaling each of these Listings is delineated in three separate sections ("Paragraphs") set forth at each Listing. The first Paragraph ("Paragraph A") requires

medical documentation of the disorders relevant to each Listing. *See id.* §§ 12.04A(1), 12.06(A)(1), 12.15A. The second Paragraph ("Paragraph B") is identical in all three Listings and requires the "[e]xtreme limitation of one, or marked limitation of two," of four "areas of mental functioning," which include: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *Id.* §§ 12.04B, 12.06B, 12.15B. The third Paragraph ("Paragraph C") is identical in all three Listings and requires a claimant's mental disorder to be "serious and persistent," meaning that the claimant must have "a medically documented history of the existence of the disorder over a period of at least 2 years," as well as:

1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes [a claimant's] symptoms and signs of [their] mental disorder (see 12.00G2b); and

2. Marginal adjustment, that is, [the claimant has] minimal capacity to adapt to changes in [their] environment or to demands that are not already part of [their] daily life (see 12.00G2c).

*Id.* §§ 12.04C, 12.06C, 12.15C. Listings 12.04, 12.06, and 12.15 can each be met or equaled by: (1) satisfying the respective Listings' Paragraph A and Paragraph B criteria or (2) satisfying the respective Listings' Paragraph A and Paragraph C criteria. *See id.* §§ 12.04, 12.06, 12.15.

Here, at step three, the ALJ assessed Plaintiff's limitations in the four areas of mental functioning and determined that Plaintiff's mental impairments did not meet or equal the Paragraph B criteria set forth at Listings 12.04, 12.06, or 12.15 because Plaintiff's mental impairments "do not cause at least two 'marked' limitations or one 'extreme' limitation." Tr. 19–20. The ALJ then determined that "[t]he evidence fails to establish the presence of the 'paragraph C' criteria." Tr. 20. No explicit analysis was provided regarding Paragraph A. Tr. 19–20. On appeal, Plaintiff raises no objection to the ALJ's review of the Paragraph A or Paragraph B criteria of these Listings. *See* ECF 12, at 9, 9 n.7. Instead, she argues that the ALJ failed to adequately explain at step three why Plaintiff's mental impairments did not satisfy the Paragraph C criteria relevant to Listings 12.04, 12.06, or 12.15. *Id.* at 11.

The Court disagrees. A careful review of the ALJ's decision makes clear that Plaintiff lacks the requisite "medically documented history of the existence of [a] disorder over a period of at least 2 years" that would satisfy the Paragraph C criteria set forth at Listings 12.04, 12.06, and 12.15. 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 12.04C, 12.06C, 12.15C. For instance, the ALJ noted that "[p]rior to March 2021," Plaintiff "had not been receiving mental health treatment apart from being prescribed Zoloft by her PCP." Tr. 25; *see also* Tr. 22 (noting that Plaintiff "endorsed no mental symptoms" during visits to her PCP in 2019 and 2020). The ALJ also observed that a request for Plaintiff's mental health records from January 2009 to October 2020 revealed that no such records existed. *See* Tr. 22, 360. Indeed, the ALJ concluded that Plaintiff was first diagnosed with PTSD, MDD, and panic disorder in December 2020 during a consultative examination. *See* Tr. 23 ("Ultimately, Dr. Knotts found [Plaintiff's] evaluation to be consistent with diagnoses for PTSD, major depression, and agoraphobia with panic attacks (5F/3). Dr. Knotts suggested that

*Joyce H. v. Kijakazi*
Civil No. 22-3152-CDA
November 8, 2023
Page 5

[Plaintiff] would benefit from psychotherapy and an evaluation with a psychiatrist[.]").

The ALJ's analysis makes clear that Plaintiff's mental impairments were not medically documented until December 2020 at the earliest, and Plaintiff offers no argument to the contrary on appeal. Accordingly, because the ALJ issued their decision in May 2022, Plaintiff could not have satisfied Paragraph C by showing "a medically documented history of the existence of [a] disorder over a period of at least 2 years," as any documentation would have fallen short of this two-year threshold. 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 12.04C, 12.06C, 12.15C. Notably, Plaintiff does not argue that the ALJ's step-three analysis was factually inaccurate or contradicted by any other evidence of record. *See generally* ECF 12. As such, the Court determines that the ALJ reasonably concluded, based on the evidence recounted above, that Plaintiff could not satisfy the criteria relevant to Paragraph C of Listings 12.04, 12.06 or 12.15. Because the ALJ also determined that Plaintiff failed to satisfy the criteria of Paragraph B—a determination that Plaintiff does not challenge on appeal—the ALJ need not have also assessed whether Plaintiff's impairments met or equaled the criteria set forth at Paragraph A. *See* 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 12.04, 12.06, 12.15 (each providing that, to meet or equal the Listing, a claimant must satisfy the criteria at either Paragraph B or Paragraph C).

Although the analysis relevant to these Listings occurred outside the step-three section of the ALJ's decision, the Court disagrees with Plaintiff that this is an issue worthy of remand. *See* ECF 12, at 12–13 (arguing that while the ALJ "did discuss evidence in other parts of [their] decision that could potentially be relevant to" a Paragraph C analysis, such a discussion was nonetheless insufficient because "the ALJ failed to relate that evidence back to her 'paragraph C' conclusion" at step three). An ALJ need not confine their Listing analysis to step three because "the ALJ need only review medical evidence once in [their] decision." *McCartney v. Apfel*, 28 F. App'x 277, 279 (4th Cir. 2002) (rejecting appellant's argument that "the ALJ must have analyzed the medical evidence at step three" because "the ALJ examine[d] relevant medical evidence" at a subsequent step and the analysis "track[ed] the requirements of the Listings used at step three") (italics omitted); *accord Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005) ("[A]n ALJ's findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment.").

In sum, the Court concludes that the ALJ supported their evaluation of Listings 12.04, 12.06, and 12.15 with substantial evidence. Because Plaintiff does not argue that any of her mental disorders have been documented for at least two years, *see generally* ECF 12, she fails to meet her burden of demonstrating that she satisfies the criteria relevant to these Listings. *See Sullivan*, 493 U.S. at 530; *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (recognizing that the claimant bears the burden of production and proof during the first four steps of the disability inquiry). Remand is therefore not warranted based upon the ALJ's step-three analysis.

B.   <u>The ALJ's Step-Five Determination Did Not Conflict with the DOT.</u>

Having addressed Plaintiff's step-three argument, the Court turns to Plaintiff's contention that the ALJ failed to resolve "three separate apparent conflicts" between the DOT and the vocational expert's testimony regarding jobs existing in the national economy. ECF 12, at 15.

Specifically, Plaintiff argues that the ALJ erred by: (1) limiting Plaintiff to jobs requiring "no interaction with the general public" but also determining that Plaintiff could perform a job (commercial cleaner) requiring occasional communication with the public; (2) restricting Plaintiff from jobs involving exposure to moving machinery but also determining that Plaintiff could perform two jobs (hand packager and kitchen helper) which involve the use of a conveyor and a bottle-crushing machine, respectively; and (3) restricting Plaintiff from "hazardous conditions" but also determining that Plaintiff could perform the job of kitchen helper, which involves frequent exposure to environmental hazards. ECF 12, at 15–17.

As discussed above, the DOT lists occupations existing in the national economy and explains the physical and mental requirements relevant to those occupations. *See Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015). During a hearing on a claim for benefits, a vocational expert uses the information contained in the DOT to provide testimony on job related issues. *See* Social Security Ruling ("SSR") 00-4P, 2000 WL 1898704 at *2 (S.S.A. Dec. 4, 2000). In relying upon a vocational expert's testimony, an ALJ must ensure that any "apparent" conflicts between the DOT and the testimony are reasonably resolved. *Id.* at *4.

Here, the ALJ relied upon the testimony of a vocational expert to conclude at step five that Plaintiff could perform the jobs of commercial cleaner, hand packager, and kitchen helper. Tr. 27. Plaintiff contends that this determination constituted error because, among other reasons, the job of hand packager involves regulating the speed of a conveyor, whereas the RFC assessed in this case restricts Plaintiff from exposure to moving machinery. ECF 12, at 16–17. This argument is unavailing. A review of the DOT entry for the job of hand packager reveals that this job does not involve exposure to moving mechanical parts. *See* 920.587-018 PACKAGER, HAND, 1991 WL 687916 (1991) (containing the following notation: "Moving Mech. Parts: Not Present - Activity or condition does not exist").

"[T]he ALJ need only identify a single job within the claimant's capacity that exists in significant numbers in the national economy" at step five. *Lippincott v. Comm'r of Soc. Sec.*, 982 F. Supp. 2d 358, 384 (D.N.J. 2013). As such, and because Plaintiff offers no other bases for arguing that the ALJ erroneously identified the job of hand packager at step five, the Court concludes that remand on the basis of the ALJ's step-five analysis is unwarranted.[3]

---

[3] Because the Court concludes that the ALJ identified at least one suitable job at step five, the Court does not reach Plaintiff's arguments regarding alleged conflicts between the DOT and the ALJ's conclusions that Plaintiff could perform the jobs of commercial cleaner and kitchen helper, as any such conflicts would amount to harmless error. *See Leggett v. Comm'r, Soc. Sec. Admin.*, No. SAG-12-1405, 2013 WL 1352298, at *3 (D. Md. Apr. 2, 2013) (determining that an ALJ's potential step-five error regarding certain jobs was harmless because no such error existed as to at least one job identified by the vocational expert).

*Joyce H. v. Kijakazi*
Civil No. 22-3152-CDA
November 8, 2023
Page 7

### V.  CONCLUSION

For the reasons set forth herein, the SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge